USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/12/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BABY-CAKES STUDIO LLC,

                                  Plaintiff,

       -against-

LINETTA ROBINSON and BRYANT JOHNSON,
a/k/a BRYANT LAMONT
        Defendants.
-----------------------------------------------------------------X

20-CV-8779 (ALC) (KHP)

**OPINION AND ORDER**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Baby-Cakes Studio LLC, moves pursuant to Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss the above-entitled action without prejudice. Fed. R. Civ. P. 41(a)(2). For the reasons set forth below, this action is dismissed without prejudice.

## BACKGROUND

      Plaintiff is a New York limited liability company, that was formed to hold personal property, and intellectual property rights of artist Nathaniel Mary Quinn ("Artist"), who is the author of the missing pieces of artwork. (FAC ¶ 7.)

      The paintings at issue are: (1) Untitled [Five Figures], (2) Untitled [Man with Red Balloon], and (3) LOVE MOTHER JESUS (collectively, "The Works"). The pieces of artwork are approximately eight feet long with a combined value of over $200,000. (FAC ¶21.)

      In 2006, the Artist had a solo exhibit, titled "Couture Hustle," at STEELLIFE Gallery in Chicago, Illinois. (FAC ¶ 20.) After the show, the Artist returned to the gallery to bring the artworks back to New York City, but the Artworks were missing and he presumed that they had been thrown out by the building maintenance staff. (Quinn Decl. ¶ 11.)

In or about May 2020, the Artist learned about the location of one of his Works after Plaintiff was contacted by a New York auction house seeking more information about the work prior to placing it for sale in a public auction. (FAC ¶¶ 14-15.)  This specific work was titled "Untitled [Five Figures]." Plaintiff promptly advised the auction house that the work had been stolen.  (FAC ¶ 16.)  Following further communications, the auction house disclosed the identity of the consignor of the work: Defendant Linetta Robinson ("Robinson"). (FAC ¶ 17.)

Robinson claimed to have purchased the work from an exhibition at an art gallery in Chicago, Illinois in or around 2006, but did not have any paperwork to document her purchase. (FAC ¶¶ 18-19.)  The gallery was owned and operated by Defendant Bryant Johnson ("Johnson"). (FAC ¶ 22.)  While the Artist did have an exhibition at the Gallery in 2006, none of the Works were consigned to the Gallery. (FAC ¶¶ 20, 23.)

In or about August 2020, Plaintiff advised Robinson of the earlier theft of the artwork and demanded that Robinson return the artwork to Plaintiff. (FAC ¶ 25.)  Robinson refused to return the work to Plaintiff claiming she had good title of the work. (FAC ¶ 26.)  Robinson did not disclose at this time that she claimed to own additional artworks by the Artist.  (FAC ¶ 27.) Additionally, the New York auction house continues to hold one of the artworks pending resolution of this case. (FAC ¶ 28.)

The artwork that is being held by the auction house has suffered sufficient damage such that the Artist has invoked his rights under 17 U.S.C. § 106A(2) (the "Visual Artists Rights Act" or "VARA") to prevent any use of his name as the author of any of that artwork due to the distortion, mutilation, and modification to that artwork, as further attribution would be prejudicial to the Artist's honor and/ or reputation. (ECF No. 28-2, ¶ 21.)  The Artist would also

like to invoke his rights under VARA should the other two missing pieces of artwork appear. (*Id.*)

Plaintiff filed this instant motion after Defendants represented that the whereabouts of the two other artworks are unknown. Plaintiff filed this motion to dismiss without prejudice to allow the Artist to rebring the case should the two other pieces of artwork reappear.

## PROCEDURAL HISTORY

Plaintiff commenced this action on October 21, 2020 (ECF No. 1) and the Defendants filed an answer to the complaint on December 11, 2020. (ECF No. 8.) On January 27, 2021, an initial case management conference was held and a scheduling order issued. (ECF No. 11.) Plaintiff then filed an amended complaint ("FAC") on March 19, 2021. (ECF No. 15)  That complaint asserted four claims of relief against Defendants for (1) declaratory judgment; (2) replevin; (3) conversion; and (4) aiding and abetting conversion. (FAC ECF No. 15 at ¶¶ 55-87.) On May 3, 2021, Defendants filed an answer to the FAC.  (ECF No. 22.)  On June 1, 2021, the undersigned ordered the Defendant to provide responsive documents to Plaintiff's document requests and his initial disclosures or otherwise be sanctioned.  (ECF No. 25.) On June 17, 2021, Plaintiff filed the instant motion to dismiss without prejudice (ECF No. 28.)  The parties have consented to the undersigned to resolve this motion pursuant to 28 U.S.C. § 636(c). (ECF No. 41.)

## LEGAL STANDARD

Federal Rule 41(a)(2) provides that, absent the defendant's consent, an action may be dismissed by the plaintiff "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  "The grant or denial of a dismissal on motion under Rule 41(a)(2) is within

3

the sound discretion of the trial court." *Bynum v. Maplebear Inc.*, 209 F. Supp. 3d 528, 535 (E.D.N.Y. 2016) (quotations omitted). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *Id.* Voluntary dismissal without prejudice is not a matter of right. However, "the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Parker v. Tougher Industries, Inc.*, No. 6-CV-400, 2013 WL 316389, at *1 (N.D.N.Y. Jan. 28, 2013) (courts generally "presume that a party's motion to dismiss its own claims without prejudice should be granted"); *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.,* No. 01 CIV. 9649, 2006 WL 3456521, at *2 (S.D.N.Y. Nov. 30, 2006) (internal quotation marks and citation omitted). The focus of the analysis on a motion for voluntary dismissal is prejudice to the defendant. *BD ex rel. Jean Doe v. DeBuono,* 193 F.R.D. 117, 123 (S.D.N.Y. 2000).

"[T]wo tests have developed in the Second Circuit for determining whether dismissal without prejudice would be inappropriate[.]" *GFE Global Fin. & Engineering Ltd. v. ECI Ltd. (USA), Inc.*, 291 F.R.D. 31, 36 (E.D.N.Y. 2013); *McCombs v. M&T Bank Corp.,* 335 F.R.D. 41, 44 (W.D.N.Y. 2020). The first test examines whether the defendant would suffer some plain legal prejudice from a dismissal without prejudice, beyond the prospect of a second lawsuit. *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217, 67 S.Ct. 752, 91 L.Ed. 849 (1947)). The second "test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (quoting *Camilli*, 436 F.3d at 123)

In *Zagano v. Fordham University,* the Second Circuit set forth five factors that a court must consider in determining whether a defendant will suffer legal prejudice: "(1) the plaintiff's

4

diligence in bringing the motion; (2) any 'undue vexatiousness' on plaintiff's part; (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." 900 F.2d 12, 14 (2d Cir. 1990).  In the circumstance "where no possibility of relitigation at the instance solely of the plaintiff exists, the *Zagano* factors have little, if any, relevance." *Camilli v. Grimes,* 436 F.3d 120, 123 (2d Cir. 2006).  However, the *Zagano* factors apply where, as here, the moving party is seeking to have the opportunity to renew claims against the non-moving party.

Having considered these factors, I conclude that dismissal without prejudice is appropriate, under either test.

## **ANALYSIS**

Defendants argue that Plaintiff's application is not proper because Plaintiff's allegations are based on "suspicions and extraneous gossip;" the Artist admitted at a deposition that he abandoned the three art pieces three years before Johnson's show at which Defendant Robinson purchased them; and that dismissal under the Visual Artists Rights Act pursuant to 17 U.S.C. § 106A(2) is improper.  The Court finds that none of these arguments address why this action should not be dismissed without prejudice.  Additionally, the Court finds that the Defendants have not demonstrated legal prejudice sufficient to bar the Plaintiff's motion for a voluntary dismissal of this action under Rule 41(a)(2) and that the *Zagano* factors weigh in favor of the Plaintiff. *See Jaskot v. Brown,* 167 F.R.D. 372, 374 (S.D.N.Y. 1996) ("[T]he mere fact that the plaintiff may seek to include the allegations contained in this complaint in a subsequent proceeding is not sufficient legal prejudice.").

5

With respect to the first *Zagano* factor, the Plaintiff has acted with diligence given the circumstances of the case. This case has been pending since the initial complaint was filed in October of 2020. *See In re Bank of Am. Mortg. Servicing S'holder Derivative Litig.,* No. 11 CIV. 2475, 2012 WL 1506271, at *2 (S.D.N.Y. Apr. 4, 2012). ("When assessing a plaintiff's diligence, courts consider the length of time the action has been pending."). Importantly, Plaintiff filed two letter motions to compel discovery from the Defendants. But, the Defendant failed to provide any discovery, or provide any information on which discovery could begin in earnest, asserting that the paintings at issue have not been located. (*See* ECF No. 27, June 4, 2021 Letter from Defendants' counsel to Judge Parker, at 2.) *SEC v. One or More Unknown Purchasers of Sec. of Telvent GIT, SA,* No. 11 CIV. 3794, 2013 WL 1683665, at *2 (S.D.N.Y. Apr. 17, 2013). Since the Defendant failed to provide any information or update concerning the whereabouts of the missing artworks, and the likelihood of not being able to achieve relief (the return of the artwork), Plaintiff filed this instant motion. *See Ascentive, LLC v. Opinion Corp.,* No. 10 CIV. 4442, 2012 WL 1569573, at *4 (E.D.N.Y. May 3, 2012) (finding that the plaintiff was diligent because it "moved to dismiss the complaint without prejudice within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action.").

The second *Zagano* factor, whether the plaintiff was unduly vexatious in pursuing the motion, weighs heavily in Plaintiff's favor. Vexatiousness refers to instances in which "the case was brought to harass the defendant," *Hinfin Realty Corp. v. Pittston Co.,* 206 F.R.D. 350, 356 (E.D.N.Y. 2002), or the plaintiff had "ill-motive," *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.,* No. 5 CIV. 3939, 2008 WL 4127549, at *6 (S.D.N.Y. Sept. 2, 2008). The Artist brought this

case to repossess his artwork, which he believes was stolen. No harassment of Defendants or ill-motive is present here.

The third *Zagano* factor is the extent to which the suit has progressed, including the defendant's efforts and expenses in preparation for trial. This factor also weighs in Plaintiff's favor. As Chief Judge Swain has observed, "[c]ourts applying the *Zagano* factors frequently place the greatest emphasis on the efforts expended by the defendant in discovery and trial preparation and the corresponding prejudice the defendant would suffer if forced to relitigate." *Baldanzi v. WFC Holdings Corp.,* No. 07 CIV. 9551, 2010 WL 125999, at *4 (S.D.N.Y. Jan. 13, 2010); *see also Shaw,* 2008 WL 4127549, at *7 ("The extent to which a suit has progressed is considered by many courts in the Second Circuit to be of primary importance.") (internal quotation marks and citation omitted)). This factor is emphasized because it is often a strong indicator of whether the case has reached a prejudicial point—the key inquiry in evaluating a motion to dismiss without prejudice. *SEC v. Compania Internacional Financiera S.A.,* No. 11 CIV. 4904, 2012 WL 1856491, at *2 (S.D.N.Y. May 22, 2012) ("The most important inquiry remains whether the defendant will suffer substantial prejudice as a result of a dismissal without prejudice."). Here, Defendants have largely failed to participate in discovery and have failed to produce records of ownership and title to the artwork and inexplicably lost two of the three paintings. They cannot claim prejudice on these facts.

"The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred." *Am. Fed'n of State, Cty. & Mun. Employees Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.,* No. 12 CIV. 2237, 2013 WL 2391713, at *4

(S.D.N.Y. June 3, 2013). Here, there has been no trial preparation, no filing of counterclaims, no summary judgment briefing, and no other dispositive motion practice. Even though Defendants have been served with two letter motions to compel discovery: one motion (ECF No. 19.) was terminated for being premature before a settlement conference; and one motion was recently filed on May 20, 2021. (ECF No. 23.) Less than one month after the May motion to compel, Plaintiff filed this instant motion. (ECF No. 28.) *See id.; see also Hinton v. Monster Worldwide, Inc.,* No. 09 CIV. 2629, 2009 WL 4249130, at *3 (S.D.N.Y. Nov. 24, 2009) ("In this case, Defendant filed a motion to dismiss, the Parties have engaged in no discovery, and there are no counterclaims. With the exception of the Monster's motion, the litigation has not proceeded so far as to cause prejudice to Monster, and their litigation effort does not weigh against granting Hinton's motion."). Little discovery has taken place here largely due to Defendants' conduct. Thus, the suit has not progressed to a prejudicial point.

The early stage of this litigation is also relevant to the fourth *Zagano* factor: the potential duplicative expense of relitigation. As noted above, there has been no motion practice in this case aside from two letter motions to compel by the Plaintiff, and very little has been done by way of discovery. *See BD ex rel. Jean Doe,* 193 F.R.D. at 124 (dismissing a case without prejudice even though "the case is trial ready"). Further, the discovery, or lack thereof, made thus far by the Defendants will remain relevant upon Plaintiff's refiling of the litigation. *See In re Fosamax Prods. Liab. Litig.*, Nos. 6 MDL 1789, 6 CIV. 5088, 2008 WL 5159778, at *3 (S.D.N.Y. Dec. 9, 2008) (granting a Rule 41(a)(2) motion even though the parties had taken depositions and reviewed medical records because the discovery would "remain of value" and "not need to be duplicated" upon refiling); *Jaskot,* 167 F.R.D. at 374 ("In any event, the time

and expense the defendant incurred to gather the facts, file a motion to dismiss, and conduct discovery will not be wasted if these allegations do in fact appear in a subsequent complaint.").

The fifth and final *Zagano* factor on the adequacy of Plaintiff's explanation ultimately weighs in Plaintiff's favor, as well. In Defendant's June 4, 2021 letter to the Court, Defendants provided no update concerning the whereabouts of the missing artworks. (*See* ECF No. 27, June 4, 2021 Letter from Defendants' counsel to Judge Parker, at 2.) With this information, it became clear that the Artist will not be able to achieve the relief he sought (the return of the missing artworks) and asserts that there is "no reason to spend further time or money pursuing an empty goal." (ECF No. 33-8). The undisputed fact remains that Defendants concede that the two Artworks have "gone missing" and they cannot identify where they are. Furthermore, Defendants failed to address why this case should be dismissed with prejudice besides saying that the Plaintiff is relying on "suspicions and extraneous gossip" and the Declaration of Amanda Williams.[1] (ECF No. 34.) While Plaintiff's inclusion of Williams Declaration provides similar background information, the fact of the matter is that he would like the opportunity to rebring this lawsuit should the artwork ever be found, and that has nothing to do with Williams Declaration.

Defendants also raise an objection to Plaintiff's request to invoke his rights under the Visual Artists Rights Act, which would allow Plaintiff the opportunity to inspect the two artworks in person and prevent any use of his name as the artist of them due to distortion,

---

[1] In their moving papers, Plaintiff provided a Declaration from Amanda Williams detailing a similar pattern in which artworks that the Defendant claimed went missing, turned up years later still in the Defendant's possession (Defendant rented them out to a real estate broker to stage an apartment in Johnson's building.) (*See* Williams Decl. at ¶¶ 10-21.)

mutilation and modification.  The Court finds this argument premature given that the artworks are still missing and are not in possession.

Therefore, taking into consideration all of the factors, the Court recommends that dismissal without prejudice is in the interest of justice.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's claim is dismissed without prejudice.

**SO ORDERED**

Date: August 12, 2021
       New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge